UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AYDE AZUCCERA PEREZ GUTIERREZ, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> MARISCOS EL PUERTO, INC., et al., <br><br> Defendant(s). | Case No. 2:19-CV-1940 JCM (EJY) <br><br> **TEMPORARY RESTRAINING ORDER** |

Presently before the court is plaintiffs Ayde Azuccera Perez Gutierrez, Brenda Karla Gabrela Reyes Medrano, Adriana Torres, Erika Socorro Valle Peralta, Salvador Vladimir Jimenez Flores, and Viridiana Ramirez Rodriguez' (collectively "plaintiffs") motion for temporary restraining order. (ECF No. 4).

Also before the court is plaintiffs' motion for preliminary injunction. (ECF No. 5).

**I.     Background**

This action arises from defendants Mariscos El Puerto, Inc., La Catrina, LLC, La Catrina Entertainment, LLC, Manuela Hernandez, Julian Hernandez, Hector Moreno, and Danny Hernandez' (collectively "defendants") purported violations of Nevada labor law and various sections of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"). (ECF No. 1).

Defendants are engaged in the operation of two restaurants—the "La Catrina Bar & Grill" and "Mariscos El Puerto"—for which plaintiffs are all current or former employees. (ECF No. 4). Plaintiffs allege that defendants failed to pay them minimum wage, withheld overtime wages, and retaliated against them for filing the instant action. *Id*.

On November 5, 2019, plaintiffs filed a complaint alleging seven causes of action: (1) violation of FLSA minimum wage and overtime provisions pursuant to 29 U.S.C. § 201 *et seq.*; (2) retaliation in violation of 29 U.S.C. § 215; (3) failure to pay all wages due and owing upon termination pursuant to NRS 608.020–608.050; (4) failure to pay minimum wages in violation of Article 15, Section 16 of the Nevada Constitution; (5) failure to pay wages for all hours worked in violation of NRS 608.140 and 608.016; (6) failure to pay overtime wages in violation of NRS 608.140 and 608.018; and (7) civil conspiracy. (ECF No. 1). Plaintiffs bring this suit pursuant to 29 U.S.C. § 216(b), which provides in relevant part that "[a]n action to recover the liability prescribed in [sections 206, 207, or 215(a)(3) of the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

Now, plaintiffs request that the court issue a temporary restraining order enjoining defendants from retaliating against plaintiffs and other similarly situated employees. (ECF No. 4). Plaintiffs request that the court either order defendants to read aloud, or order defendant to permit a representative of plaintiffs to read aloud, a prepared statement to all employees employed by defendants informing them of their rights under the FLSA. *Id*. In addition, plaintiffs request that defendants be required to post a copy of the aforementioned statement at each restaurant and provide a written copy of the statement to all employees with their next paycheck. *Id*. Plaintiffs also request all costs and expenses incurred in maintaining this action. *Id*.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the

James C. Mahan
U.S. District Judge

- 2 -

possibility of irreparable injury should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976).

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

This court must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

The party seeking the injunction must satisfy each element; however, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotations marks omitted).

Finally, to obtain injunctive relief, plaintiff must show it is "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)).

**III.     Discussion**

   *a. Issuance of temporary restraining order*

Plaintiffs have filed their motion for temporary restraining order *ex parte*. (*See* ECF No. 4). Under Rule 65(b), a court may issue an *ex parte* temporary restraining order if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[1] Fed. R. Civ. P. 65(b); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

The court, having considered the complaint, plaintiffs' motion, supporting declarations, and accompanying exhibits, finds that the issuance of a temporary restraining order is appropriate for the following reasons:

*1. Likelihood of success on the merits*

First, plaintiffs are likely to succeed in showing that defendants failed to pay minimum wage, wrongfully withheld overtime wages, and improperly retaliated against plaintiffs for filing this action. The FLSA expressly prohibits: (1) failure to pay a minimum wage of $7.25 per hour; (2) failure to pay overtime wages; and (3) retaliation against any employee for filing an action under the FLSA. 29 U.S.C §§ 206, 207, 215(a)(3). Injunctive relief for these violations is authorized under 29 U.S.C § 217. Plaintiffs have presented evidence that defendants failed to pay minimum and overtime wages. (Torres' Decl. ¶ 3; Rodriguez' Decl. ¶ 3). Plaintiffs have also presented evidence that defendants retaliated against them by cutting their wages and hours and by making physical and economic threats against them. (ECF No. 4, Ex. 1; Torres' Decl. ¶¶ 4–6, 11; Rodriguez' Decl. ¶¶ 5–6, 9). Based on this evidence, the court finds that plaintiffs are likely to succeed on the merits of their claims.

*2. Likelihood of irreparable injury*

Second, allowing defendants to continue to flout the requirements of the FLSA will likely result in immediate and irreparable injury to plaintiffs, similarly situated employees, and the public interest. Defendants' threats appear to have chilled other employees from speaking to

---

[1] Plaintiffs' attorney Jakub Medrala has attached a declaration to the motion for temporary restraining order sufficient to satisfy the certification requirement set forth in Federal Rule of Civil Procedure 65(b)(1)(B). (*See* ECF No. 4).

plaintiffs. (Torres' Decl. ¶¶ 5, 10–11; Rodriguez' Decl. ¶¶ 8–11). Should defendants' threats and intimidation tactics continue, plaintiffs will not be able to adequately investigate the alleged misconduct and will likely suffer irreparable injury as a result.

Other similarly situated employees will likely be irreparably harmed by the chilling and deterrent effect that results from retaliation against those employees who seek to enforce their rights. *See Holt v. Continental Group, Inc.*, 708 F.2d 87, 91 (2d Cir. 1983) (noting that retaliation may deter other employees from protecting their rights under the FLSA and that this risk may constitute irreparable injury).

Further, there is a strong public interest in favor of enforcement of the FLSA, which seeks to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living" of workers. 29 U.S.C. § 202(a). The court therefore finds that plaintiffs have satisfied the irreparable harm requirement.

*3. Balance of hardships*

Third, the balance of hardships weighs in plaintiffs' favor. Without a temporary restraining order, plaintiffs will likely suffer significant hardship due to the irreparable harm that will likely result from defendants' continued violation of the FLSA. Further, defendants have no legitimate interest in threatening, intimidating, or otherwise retaliating against plaintiffs in direct contravention of their rights under the FLSA. The court finds that the balance of hardships weighs in favor of issuing a temporary restraining order.

*4. Public policy*

Fourth, for the reasons discussed above, there is a strong public interest in favor of enforcement of the FLSA. *See* 29 U.S.C. § 202(a). Accordingly, the court finds that this factor weighs in favor of issuing a temporary restraining order.

*b. Plaintiffs' bond*

The issuance of a temporary restraining order is conditioned on the movant posting security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The district court is afforded wide discretion in setting the amount of the bond, and the bond amount

**James C. Mahan**
**U.S. District Judge**

- 5 -

may be zero if there is no evidence the party will suffer damages from the injunction." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). Further, a strong likelihood of success on the merits may favor "a minimal bond or no bond at all." *California v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985).

Given the likelihood that plaintiffs will succeed on the merits and the lack of hardship that a temporary restraining order will impose on defendants, there is a low probability that defendants will suffer damages should it later be determined that the temporary restraining order improperly issued. The court therefore declines to order a bond in this case.

*c. Requested relief*

Plaintiffs have proposed a number of conditions to include in the temporary restraining order that they argue are necessary to prevent retaliation against them and protect their ability to investigate defendants' alleged misconduct. The court will adopt only those provisions that are reasonably necessary to achieve these goals before the motion for preliminary injunction is heard and decided.

Plaintiffs have requested an award of costs for maintaining this action. Plaintiffs have cited no legal authority supporting their request for an award of costs related to this motion, so the request is denied.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for temporary restraining order (ECF No. 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants shall appear for a preliminary injunction hearing on **November 22, 2019, at 10:00 a.m.** in courtroom 6A and SHOW CAUSE why a preliminary injunction should not be granted that restrains and enjoins defendants from retaliating against or terminating any plaintiff, or any other employee of defendants, and from preventing plaintiffs, or any other employee of defendants, from participating in plaintiffs' investigation or from exercising their rights under the FLSA.

IT IS FURTHER ORDERED that pending the preliminary injunction hearing, defendants are temporarily restrained from terminating or threatening to terminate, cutting hours or wages, reporting or threatening to report to immigration authorities, inflicting or threatening to inflict bodily harm on, or retaliating or discriminating against their employees in any other way, based on their belief that such employee participated, or intends to participate, in the present action, whether as a witness or a plaintiff. Defendants are also temporarily restrained from instructing any of their employees not to speak to representatives of the plaintiffs, otherwise coercing employees to make false statements regarding the terms and conditions of their employment, and from encouraging their employees or other parties to harass, threaten, or harm the plaintiffs or any other persons participating in this lawsuit, whether as a witness or a party plaintiff.

IT IS FURTHER ORDERED that defendants shall post at each worksite—"La Catrina Bar & Grill" and "Mariscos El Puerto"— a statement, in both English and Spanish, and in an open location easily visible to defendants' employees, that states:

> You are protected by the Fair Labor Standards Act. Your employer is prohibited from retaliating against you because of your participation in the lawsuit against them, including any statements you may make as part of the case.
>
> The United States District Court for the District of Nevada has ordered Defendants MARISCOS EL PUERTO, INC.; LA CATRINA, LLC; LA CATRINA ENTERTAINMENT, LLC; MANUELA HERNANDEZ; JULIAN HERNANDEZ; HECTOR MORENO; and DANNY HERNANDEZ, and anyone acting on their behalf, not to coerce, retaliate against, threaten to retaliate against, intimidate, or attempt to influence or in any way threaten employees of La Catrina Bar & Grill and Mariscos El Puerto for participating in this lawsuit.

IT IS FURTHER ORDERED that defendants shall file their response to plaintiffs' motion for preliminary injunction (ECF No. 5) on or before November 18, 2019. Any reply shall be filed on or before November 20, 2019.

DATED November 15, 2019, at 1:45 P.M.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**